MR. JUSTICE MORRISON,
specially concurring:
I concur in the result. As the majority opinion correctly notes, Section 27-1-513, MCA, known as the wrongful death statute, has been with us since 1877. At the time of its enactment the decedent’s natural children met the statutory definition of heirs. Therefore, it is apparent that legislative intent was that children would be eligible for damages under the language of the wrongful death statute.
When the Uniform Probate Code was enacted in 1974, the intestate succession was changed so that, where there was a surviving spouse, the children did not take. If the wrongful death statute had been considered by the legislature and amended or reenacted following the change in definition of heirs resulting from enactment of the Uniform Probate Code in 1974, then an argument could be made that the legislature intended to change those eligible for benefits under the wrongful death statute. However, such has not been the case here. Since adoption of the Uniform Probate Code the legislature has not considered the wrongful death statute. Adoption of the Uniform Probate Code, with its consequent change in the definition of “heir”, could have no effect upon the wrongful death statute without making specific reference to that statute.
I concur in the result for the reason that the definition of “heirs” used in Section 27-1-513, MCA, necessarily accords with the statutory definition of heirs in effect at the time of enactment of the wrongful death statute. That definition included decedent’s natural children.